STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. JAY HALPHREY, DEFENDANT IN ERROR.

A Bill of Exceptions and petition in error on behalf of the state in a case where, in the district court, upon an appeal from a conviction of a misdemeanor before a county judge, the case was dismissed, filed in this court without leave of court obtained by the district attorney, will be dismissed.

ERROR to the district court for Howard county, NORVAL, J., presiding.

*Paul & Bell,* for plaintiff in error.

*Henry Nunn,* for defendant in error.

COBB, J.

Jay Halphrey was arrested on a warrant issued by the county judge of Howard county upon complaint and information of Robert Harvey, charging the said Jay with the crime of igniting a fire cracker or roman candle and firing the same off in the village of St. Paul, in Howard county, in violation of an ordinance of said village. Said Jay pleaded not guilty to the said information, and a trial was had to a jury, who found the defendant guilty, who was thereupon sentenced by the court to pay a fine of one dollar and costs. Thereupon said defendant gave notice of appeal and entered into a recognizance for his appearance at the district court with security, which was accepted and approved by the said county judge.

At the next ensuing term of the district court the said Jay Halphrey appeared by his attorney and filed his motion to dismiss said case for the following reasons, to-wit:

1. Because the county judge had no jurisdiction to try said case.

State v. Halphrey.

2. Because the information is insufficient and does not set out any offense.

Whereupon the court adjudged "that the county judge before whom said case was tried had no jurisdiction to try said case, and that the information made in said case is insufficient," and that the "said case be and is hereby dismissed at the costs of the plaintiff."

The record is filed in and the case sought to be brought to this court on error. The petition in error is signed by private counsel, not by the district attorney, and no leave has been given by, or application therefor made to, this court to file the same for the decision of the court on the points therein presented.

It is only necessary to call attention to the provisions of the statute on this subject to show that this proceeding as thus presented cannot be entertained. Sections 515, 516, 517 of the criminal code provide that: "The prosecuting attorney may present to the supreme court any bill of exceptions taken under the provisions of section four hundred and eighty-three, and apply for permission to file it with the clerk thereof for the decision of such court upon the points presented therein; but prior thereto, he shall give reasonable notice to the judge who presided at the trial. in which the bill was taken of his purpose to make such application; and if the supreme court shall allow such bill to be filed, such judge shall appoint some competent attorney to argue the case against the prosecuting attorney, which attorney shall receive for his services a fee not exceeding one hundred dollars, to be fixed by such court and to be paid out of the treasury of the county in which the bill was taken.

"Sec. 516. If the supreme court shall be of the opinion that the question presented should be decided upon, they shall allow the bill of exceptions to be filed and render a decision thereon.

"Sec. 517. The judgment of the court in the case in

which the bill was taken shall not be reversed nor in any manner affected; but the decision of the supreme court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered or which may afterwards arise in the state."

The record in this case having been improvidently received and docketed by the clerk, without the leave of the court as required by statute, must be dismissed.

JUDGMENT ACCORDINGLY.